On appellant's petition for reconsideration filed October 21, reconsideration allowed; former decision (109 Or App 219, 817 P2d 1358) withdrawn; reversed and remanded for new trial December 4, 1991, respondent's motion to amend the dispositional statement allowed and the dispositional statement amended to read: "Reconsideration allowed; former decision withdrawn; judgment of conviction in A65366 (trial court no. 10-90-02052A) reversed and remanded for a new trial; judgment of conviction in A65367 (trial court no. 10-90-02136) affirmed" by order dated February 3, petition for review denied March 24, 1992 (313 Or 75)

STATE OF OREGON,
*Respondent,*

*v.*

JOEL DAVID CLARKE,
*Appellant.*

(10-90-02052A, 10-90-02136;
CA A65366 (Control), A65367)

822 P2d 138

Sally L. Avera, Public Defender, and Steven V. Humber, Deputy Public Defender, Salem, for petition.

No appearance *contra*.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant petitions for review of our decision that affirmed, without opinion, his convictions for robbery in the first degree, ORS 164.415, being a felon in possession of a firearm, ORS 166.270, and unlawful possession of a controlled substance. ORS 475.992(4). 109 Or App 219, 817 P2d 1358 (1991). We treat the petition as one for reconsideration, ORAP 9.15(1), and allow it.

On January 28, 1990, Springfield police received a report of an armed robbery at the West M Market. Defendant's car was described as having been involved in the robbery. About an hour later, the police saw the car and stopped it. Defendant was the driver. After he was arrested, the officers searched the car and seized a closed briefcase from the back seat. They did not open it, but transported it to the Springfield Police station. Some time later, a police detective opened it without a search warrant and seized drug paraphernalia, which contained residue of a controlled substance.

The issue is whether the search of the briefcase without a warrant was lawful. Defendant argues that, by the time the detective searched the briefcase, there existed no exigent circumstances and that the police were required to obtain a search warrant to lawfully search the briefcase. The state argues that because, under *State v. Caraher*, 293 Or 741, 653 P2d 942 (1982), the police had the right to search the briefcase at the time when they arrested defendant, the fact that the briefcase was searched later at the police station does not invalidate the search.[1] Because we understand defendant's argument to invoke Article I, section 9, as well as the Fourth Amendment, we turn first to the issue of the propriety of the search under the Oregon Constitution.

To be "reasonable" under Article I, section 9, a search incident to arrest must be close to the arrest in time, space and intensity. *State v. Caraher, supra*, 293 Or at 758, 760. That rule exists, because "[a]n arrest * * * creates a type of exigency justifying a warrantless search of the arrested

---

[1] The state also argues that defendant voluntarily consented to the search of the briefcase at the police station. However, in the trial court, the district attorney said that he was not basing his case on a theory of consent, and the trial court made no findings as to consent. Therefore, we will not consider that theory on this appeal.

person * * *." *State v. Milligan*, 304 Or 659, 669, 748 P2d 130 (1988). The scope of the search extends to portable repositories of personal effects within the immediate control of the arrested person. *State v. Owens*, 302 Or 196, 200, 729 P2d 524 (1986). When the exigency of the arrest dissipates, the police must seek a warrant before searching further. *See State v. Ridderbush*, 71 Or App 418, 423, 692 P2d 667 (1984).

■ Although it may be constitutionally permissible to defer the search of a seized item until it is moved to a police controlled environment, exigent circumstances do not last longer than the exigency. *See State v. Quinn*, 290 Or 383, 392, 623 P2d 630 (1981). In *State v. Ziegler*, 100 Or App 700, 788 P2d 484 (1990),[2] the question was whether a delay between defendant's flight from police officers and the search of his car required the police to obtain a warrant. We said:

> "There is conflicting evidence concerning the length of delay before the police searched defendant's car. Defendant cites one neighbor's testimony that about 45 minutes elapsed between defendant's flight and the search. Even if that estimate is correct, during that time [an officer] took defendant into custody, returned to the car, communicated with another officer who had arrived to assist, and sought guidance from the District Attorney's office. There is no suggestion in the record or in defendant's argument that the search was deliberately delayed or *that the police were doing anything other than necessary and appropriate tasks in the interim.* Under the circumstances, the search was sufficiently immediate to be valid under the automobile exception to the warrant requirement." 100 Or App at 704. (Emphasis supplied.)

■ In contrast to *Ziegler*, there is no evidence in this record that suggests that the police were involved in performing other necessary tasks that required the search of the briefcase to be delayed. At the suppression hearing, an officer testified there was time to get a search warrant, but the police did not think that a warrant was necessary. At the police station, while defendant was being interrogated, he was asked for the combination to the briefcase. The briefcase was

---

[2] We adopted the reasoning in *State v. Quinn, supra*, which was decided under the Fourth Amendment, as the basis for our holding in *Ziegler* under Article I, section 9, but arrived at a different result. *Quinn* involved the search of an impounded vehicle after the exigency for the search had dissipated.

in another room. The testimony is in conflict as to whether he consented. As the court said in *State v. Quinn, supra*: "[I]f the requirement that decisions to search must be judicial is to have any effect and the exigent circumstance doctrine is to have any temporal limitation, then a deferred warrantless search must be commenced as promptly after the seizure as is reasonable in the circumstances." 290 Or at 392. We hold that the state has not carried its burden of justifying a warrantless search based on exigent circumstances under Article I, section 9. Therefore, we need not reach the Fourth Amendment issue.[3]

Reconsideration allowed; former decision withdrawn; reversed and remanded for a new trial.

---

[3] In *State v. McCoy*, 249 Or 160, 437 P2d 734 (1968), the court held that a search of an automobile one hour after the arrest was not too remote in time and place. Similarly, we held in *State v. Holmes*, 17 Or App 464, 522 P2d 900 (1974), that a search of the arrested person could be legally conducted after the person arrives at the police station. We said, a "search which is constitutionally reasonable at the commencement of a period of custody is no less reasonable at any later stage of custody * * *." 17 Or App at 473. *McCoy* was decided under the Fourth Amendment. *Holmes* was decided at a time when the Oregon Supreme Court had declined to interpret the search and seizure provisions of the Oregon Constitution differently from the Fourth Amendment. In *State v. Caraher, supra*, the court held that the state was free to impose greater restrictions on police activity than those that the United States Supreme Court holds to be necessary under federal constitutional standards, and adopted a standard of reasonableness under Article I, section 9. Whatever the present efficacy of *McCoy* and *Holmes*, under the facts of this case there is no exigency that would permit a finding of reasonableness.